UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES,<br>CDCR #E-33225,<br><br>         Plaintiff,<br><br> vs.<br><br>DANIEL PARAMO, Warden;<br>BRACAMONTE, Facility Captain;<br>A. AGUIRRE, Correctional Lieutenant;<br>M. RICO, Correctional Sergeant;<br>KEENE, Correctional Sergeant;<br>F. SALAS, Correctional Officer;<br>A. DANIAL, Correctional Officer;<br>P. JONES, Correctional Officer;<br>CHACON, Correctional Officer;<br>AVILES, Correctional Officer,<br>         Defendants. | Case No.: 3:18-cv-02039-LAB-WVG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 13]**<br><br>**3) DISMISSING DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**AND**<br><br>**4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

   Gerald Jones, proceeding pro se and while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, first attempted to initiate this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2018, by e-filing a 94-page

Complaint that was stricken as non-compliant with S.D. Cal. General Order 653A.[1] Jones was granted 45 days leave in which to file an amended complaint, but he failed to meet that deadline and the case remained closed.

Jones later filed two consecutive motions seeking reconsideration of his now-stricken pleading, which the Court construed as motions for extensions of time in which to amend and granted. *See* ECF Nos. 6, 7, 9, 10. On April 24, 2019, Jones eventually filed his Amended Complaint ("FAC") (ECF No. 11), together with a Motion to Appoint Counsel (ECF No. 13). Jones did not pay the civil filing fee required by 28 U.S.C. § 1914(a), but he has submitted a Prison Certificate and copies of his CDCR Inmate Statement Report, which the Court will construe as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

## I. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP, however, remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182,

---

[1] General Order 653A "prohibits pro se complaints [filed] by prisoners [at RJD, CAL and CEN] from exceeding twenty-two (22) pages, consisting of the seven (7) page form complaint, plus no more than fifteen additional pages." S.D. Cal. GO 653A, ¶ 4. It permits prisoners in those facilities to then "add exhibits to the complaint by mail" after their complaints have been e-filed from the facility and assigned a case number. *Id.*

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1185 (9th Cir. 2015), and regardless of whether their cases are ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

As noted above, Jones has not filed a formal IFP Motion, but he has submitted a Prison Certificate signed by a trust account official at RJD, together with a certified copy of his CDCR Inmate Statement Report attesting to his trust account activity at the time of filing (ECF No. 3). *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Jones carried no balance and had no deposits to his account over the 6-month period immediately preceding the filing of his initial Complaint. Consequently, he had no available balance on the books at the time of filing, and no money with which to pay any initial filing fee. *See* ECF No. 3 at 1, 3.

Based on this accounting, the Court **GRANTS** Jones leave to proceed IFP (ECF No. 3) and assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's *IFP* case based solely on a "failure to pay ... due to the lack of funds available

to him when payment is ordered."). The full balance of the $350 total fee owed in this case must be collected by the agency having custody of Jones and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2)'s installment payment provisions.

## II. Motion to Appoint Counsel

Jones also seeks the appointment of counsel pursuant to 28 U.S.C. § 1915 based on the purported complexity of his claims, his indigence, incarceration, limited ability to investigate, and his anticipated need to cross-examine witnesses and present evidence at trial. (*See* ECF No. 13 at 1-2.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court agrees that pro se litigants may be better served with the assistance of counsel—but that is not the test. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of counsel based on claims that pro se plaintiff "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."), *withdrawn in part on reh'g en banc and overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). "Concerns regarding investigation and discovery are … not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro litigants." *Wells v. Washington State Dep't of Corr.*, No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Jones's Amended Complaint suggests he is incapable of articulating the factual basis for his Eighth Amendment excessive force claims. These types of claims are not uncommon in the prison context and are "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Jones's Amended Complaint under the standards of review discussed below, that he has pleaded sufficient factual content to state a plausible Eighth Amendment claim for relief. *See Meeks*, 2017 WL 476425 at *3 (denying ADA inmate appointment of counsel where inmate "successfully survived screening," and had submitted motions "drafted with clarity and [asserting] proper arguments."); *Garcia v. Blahnik*, Civil Case No. 3:14-cv-00875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding no "exceptional circumstances warranting a judicial request for a voluntary legal counsel" where Plaintiff's psychiatric disorder and limited access to the law library did not "prevent[] him from filing a well-articulated complaint and other motions with the Court.").

Further, while Jones may have sufficiently *pleaded* an Eighth Amendment excessive force claim against Defendants Salas, Danial, Jones, Chacon, and Aviles at this preliminary stage of the proceedings, he has yet to demonstrate (and it is too soon to tell) whether there is a likelihood of success on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.")

The Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES** Jones's Motion to Appoint Counsel (ECF No. 13) without prejudice.

### III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### A. Standard of Review

Because Jones is a prisoner proceeding IFP, his Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Factual Allegations</u>

Jones alleges he is both mentally and physically disabled and uses a walker due to permanent mobility impairments. *See* FAC, ECF No. 11 at 4. On November 8, 2017, he returned to RJD after having been admitted for unspecified medical treatment at "outside hospital." *Id.* Upon return, Jones learned his cell assignment had changed and he was "re-assigned to house with a prisoner who was/is infamous throughout RJD[] for drug use, abuse, and addiction." *Id.* He objected, was cuffed by Correctional Officer Aviles, and placed in a holding cage in the "C" Facility gym. *Id.*

When Sergeant Keene arrived, Jones "reiterated safety concerns" and his "incompatib[ility]" "with the infamous drug addicted prisoner." *Id.* Keene then departed, but soon Correctional Officers Salas, Danial, Jones, Chacon, and Aviles "forced" Jones out of the cage and onto the floor, where they "discharged multiple cans of O.C. pepper spray to [his] face and head[,] causing instant blindness and burning of [his] lungs, skin, and eyes." *Id.* at 4-5. Salas, Danial, Jones, Chacon, and Aviles then "commence[d] kicking[,] punching, and stomping [Jones's] head, face, back, torso and legs repeatedly and without provocation or reason." *Id.* at 5. While he was "beat[en] viciously," Jones claims one of his "assaulters" asked which foot he had treated at the hospital and then "began kicking [his] already injured foot until it broke." *Id.* Jones was then "grabbed by each ankle," "pulled backward," and "forced" back inside the holding cage "while nearly unconscious from pain." *Id.* After he "managed to stand," Jones contends Aviles discharged another round of O.C. spray to his face, and exclaimed: "Fuck you bitch ass nigger," before departing from the gym and "leaving [him] in the … cage in pain with burning … eyes[,] skin and lungs." *Id.* As a result of this incident, Jones claims to have sustained a broken tooth, toe, foot, and finger, a cut and swollen eye, a bruised torso, and a stomach bleed. He further alleges to suffer from persistent migraines and nightmares, "coupled by constant fear and anxiety." *Id.* at 7.

The remainder of Jones's Amended Complaint relates to events after the November 8, 2017 beating. Specifically, Jones claims that sometime after he was beaten, Sergeant Keene, together with Correctional Lieutenants Aguirre and Rico, conspired with Officers Salas, Danial, Jones, Chacon, and Aviles to "concoct[] a fallacy" and to file "false peace officer reports" in order to justify the extent of his injuries and to "conceal" their constitutional violations as part of a "Greenwall prison guard gang." *Id.* at 5-6. In addition, Jones claims Warden Paramo and Facility Captain Bracamonte have known "since as early as 2014" that Officers Salas, Danial, Jones, Chacon, Aviles and "vast" numbers of other correctional officers on RJD's "C" Facility, "use the gym as an area specifically to assault, torture, and beat" prisoners. *Id.* at 6.

Based on these allegations,[3] Jones seeks compensatory, punitive, and exemplary damages according to proof and demands a jury trial. *Id.* at 8.

### C. Conspiracy, Supervisory Liability & False Reporting Claims

First, to the extent Jones claims broadly, and without any further factual support, that Defendants Aguirre, Rico, Keene, Salas, Danial, Jones, Chacon, and Aviles all "gathered to conspire to file false peace officer reports" regarding the November 8, 2017

---

[3] Jones also attaches a 2-page declaration to his FAC in which he describes how four additional RJD officials (Froster, Valdovinos, Ramos, and Gonzalez), whom he titles as "Defendants" but does not include as parties to this case, *see* FAC at 2-3, 9-10, retaliated against him, harassed him based on race, and violated his due process rights during a disciplinary or "serious RVR 115" hearing conducted in February 2018 and involving his cell door and the "chow hall." *Id.* at 9-10. The allegations in Jones's Declaration are seemingly unconnected to the November 2017 excessive force incident which forms the basis of the claims alleged in the body of his FAC, however, and therefore will not be considered since they are not properly joined. *See* Fed. R. Civ. 20(a)(2)(A), (B) (permitting joinder of defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences," and involve "any question of law or fact common to all defendants."). Should Jones wish to raise separate constitutional claims against RJD officials Froster, Valdovinos, Ramos, and Gonzalez, he must file a separate civil action. *See McQueen v. California*, No. 2:17-CV-0378-WBS-ACP, 2019 WL 2297039, at *5 (E.D. Cal. May 30, 2019) (sus sponte dismissing from prisoner's excessive force complaint an unrelated claim against a different party related to the denial of mental health care evaluation pursuant to Fed. R. Civ. P. 20(a), 28 U.S.C. § 1915(e)(2) and § 1915A). While pro se litigants are granted some leeway, wholly unrelated claims involving different defendants must be brought in separate lawsuits. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

use-of-force incident, *see* FAC, ECF No. 11 at 5, he fails to state a claim upon which § 1983 relief can be granted. *See Watison,* 668 F.3d at 1112; *Wilhelm,* 680 F.3d at 1121.

A conspiracy claim under § 1983 requires factual allegations supporting "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) ). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steelworkers of Am.*, 865 F.2d at 1541). Broad and conclusory allegations of conspiracy, on the other hand, are insufficient to state a § 1983 claim. *See Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiffs are required to "state specific facts to support the existence of [a] claimed conspiracy." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns*, 883 F.2d at 821); *Karim Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("[M]ere allegation of conspiracy without factual specificity is insufficient" to withstand a motion to dismiss.).

Without any supporting facts, Jones' FAC simply alleges Defendants Aguirre, Rico, Keene, Salas, Danial, Jones, Chacon, and Aviles all "concoct[ed] [a] fallacy" to describe him as "erratic" and "combative" and "conspired" together as part of a "Greenwall prison guard gang" to file reports based on those lies. *See* FAC, ECF No. 5-6. But he does not allege an agreement or offer any context from which the Court could "draw a reasonable inference" of a "meeting of the minds" to violate his constitutional rights. *See Iqbal*, 556 U.S. at 678; *Franklin*, 312 F.3d at 441. A conspiracy does not exist simply because Defendants all allegedly took the same action, *i.e.*, wrote false reports. *See Myers v. City of Hermosa Beach*, 299 Fed. Appx. 744, 747 (9th Cir. 2008) ("Before a conspiracy claim can be sustained, a plaintiff must show a meeting of the minds by the so-called conspirators.... However, the evidence adduced must demonstrate more than the mere fact that two people did or said the same thing; the evidence must actually point to an agreement.") (citation omitted); *see also Char v. Simeona*, No. CV 18-00303 DKW-KJM,

2018 WL 5815519, at *6 (D. Haw. Nov. 6, 2018) (sua sponte dismissing claims that prison officials tampered with evidence and wrote false reports to "cover up what really happened" as unsupported by "facts indicating any discussion or agreement" between the defendants to violate plaintiff's constitutional rights pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

Second, and as to Warden Paramo and Facility Captain Bracamonte, the Court finds Jones's unsupported claim that they "have been made well aware" that Officers Salas, Danial, Jones, Chacon, and Aviles and "vast other[s]" like them, "use the gym to assault, torture, and beat prisoners [like him] in solitude," *see* FAC, ECF No. 11 at 6, insufficient to sustain any individualized § 1983 claim for relief against them. *See* 28 U.S.C. § 1915(e)(2), § 1915A(b); *Iqbal*, 556 U.S. at 662 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "Because vicarious liability is inapplicable to […] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). "Even under a 'deliberate indifference' theory of individual liability, the Plaintiff[] must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and '*acquiescence in*' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (emphasis added) (quoting *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011)). Jones claims RJD's Warden and its Facility Captain knew their subordinates were beating prisoners like him in the gym—but he provides no "further factual enhancement" to support that broad accusation, *Iqbal*, 556 U.S at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 557), does not explain how, why or when they were "made aware," *see* FAC, ECF No. 11 at 6, and offers no plausible facts from which the Court might reasonable infer Paramo and Bracamonte acquiesced in any plan or effort by Officers Salas, Danial, Jones, Chacon, or Aviles to use unreasonable force against him on November 8, 2017. *Iqbal*, 556 U.S at 678; *Hydrick*, 669 F.3d at 942; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under §1983 only if there

10

3:18-cv-02039-LAB-WVG

is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant.").

### D. Excessive Force Claims

Finally, and with respect to Defendants Salas, Danial, Jones, Chacon, and Aviles only, the Court finds Jones's Amended Complaint contains Eighth Amendment excessive force claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm* 680 F.3d at 1123; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted).

Accordingly, the Court will direct the U.S. Marshal to effect service upon these Defendants on Jones's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Order

The Court:

1. **GRANTS** Jones's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to garnish the entire $350 filing fee owed in this case by collecting monthly payments from Jones's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** Jones's Motion to Appoint Counsel (ECF No. 13);

5. **DISMISSES** Jones's conspiracy, supervisory liability and false reporting claims in their entirety based on his failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and **DIRECTS** the Clerk of the Court to terminate Defendants PARAMO, BRACAMONTE, AGUIRRE, RICO, and KEENE as parties to this matter;

6. **DIRECTS** the Clerk to issue a summons as to Jones's Amended Complaint (ECF No. 11) upon Defendants SALAS, DANIAL, JONES, CHACON, AVILES, and forward it to Plaintiff Jones along with a blank U.S. Marshal Form 285 for these Defendants. In addition, the Clerk will provide Jones with a certified copy of this Order, a certified copy of his Amended Complaint, and the summons so that he may serve these Defendants only. Upon receipt of this "IFP Package," Jones must complete the Form 285s as completely and accurately as possible, *include an address where Defendants Salas, Danial, Jones, Chacon, and Aviles may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

7. **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and summons upon Defendants Salas, Danial, Jones, Chacon, and Aviles as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

8. **ORDERS** Defendants Salas, Danial, Jones, Chacon, and Aviles, once served, to reply to Plaintiff Jones's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

9. **ORDERS** Plaintiff Jones, after service has been effected by the U.S. Marshal, to serve upon Defendants Salas, Danial, Jones, Chacon, and Aviles, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff Jones must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: June 10, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge