UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PARAMO, et al,<br><br>　　　　　　　Defendant. | Case No.: 18-CV-2039-LAB(WVG)<br><br>**REPORT AND RECOMMENDATION FOR DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

On October 2, 2019, Gerald Jones ("Plaintiff") filed this motion for a preliminary injunction for prevention of "imminent danger or death" based on alleged First Amendment violations in retaliation for the underlying amended complaint filed on April 25, 2019. For the reasons discussed below, the Court RECOMMENDS that Plaintiff's motion for preliminary injunction be DENIED.

## I.　　BACKGROUND

Plaintiff alleges several injuries as bases for his claim of retaliation. First, plaintiff alleges he was sent to administrative segregation ("ad-seg") for an incident that "he was not responsible for" and that the correctional officers told him "our hands are tied." He also alleges that the investigation of this incident should have taken two weeks and not the two-month period that he was in ad-seg. Plaintiff alleges his time in solitary was retaliation for his underlying civil rights complaint.

Second, he alleges that while in ad-seg, he did not have access to legal materials necessary for his pending case before this Court.

Third, he alleges that Officer Torras did not sign his property inventory list in accordance with prison procedure, citing this example to demonstrate that the officers "do what they want to do."

Fourth, he alleges that Officer Torras "stole" his medical supplies and personal property and has a "strong history of crimes against black inmates."

Fifth, he alleges that the medical staff took his medical supplies and altered his treatment regimen to include a reduction in morphine and gabapentin doses as retaliation. He identifies supervisor Sanchez and Dr. Casian, but it is not clear how they retaliated against him. He also alleges that his current medical condition leaves him vulnerable and "force[s] [him] to suffer an extreme and atrocious level of debilitating pain and distress at a terrible level beyond plaintiff['s] ability to endure that has reached a breaking point further causing prolong[ed] psychological torture" amounting to retaliation.

Sixth, he alleges that a package has been waiting in a warehouse for six weeks and that the staff are delaying delivery "just to harass and retaliate" against him.

Lastly, he alleges that "the next step" is for the staff to "send two to three inmate[s] [or] inmate police at [him] to harm or kill [him] or badly injur[e]" him.

Plaintiff now asks the Court for a preliminary injunction against persons, other than the parties asserted in the complaint, without specifying exactly what orders or relief pursuant to his original complaint he seeks, in the interests of preventing irreparable harm.

## II. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. . . . In exercising their sound discretion, courts of equity

should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id*. at 24 (internal citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id*. at 22.

Requests for preliminary injunctive relief are further limited by 18 U.S.C. § 3626(a)(2) of the Prison Litigation Reform Act (PLRA), which requires that the Court's injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." Section 3626 further requires balancing of interests regarding "public safety and operation of the criminal justice system" and has a statutory default expiration after 90 days. *Id.* The PLRA, therefore, severely limits the temporal and spatial breadth of injunctive relief as applied to prisoners.

Furthermore, the Court must have power over the parties that are to be bound by the injunction. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order. . . .' The district court must, therefore, tailor the injunction to affect only those persons over which it has power." *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Nat'l Ctr. for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1371 (9th Cir. 1984); *Kindred v. Bigot*, 727 Fed. Appx. 427, 428 (9th Cir. 2018) (denying Kindred's requests for preliminary injunctive relief against individuals not before the district court because the district court could not provide relief against such individuals); *Davis v. Schneider*, 2019 U.S. Dist. LEXIS 107196, at *6 (C.D. Cal. June 25, 2019) (holding personal jurisdiction was lacking where "Plaintiff's allegations against other correctional staff members have nothing to do with Defendants.").

### III. DISCUSSION

**A. Lack of Jurisdiction**

As an initial matter, none of the named Defendants are subject to Plaintiff's proposed preliminary injunction. It appears that the allegations in the motion target a collective group of correctional officers, but no named Defendant is mentioned in the motion. Presumptively, even if Plaintiff meant to include parties to the underlying claim in his motion, he nonetheless failed to allege any basis for injunctive relief against any named defendant. Officer Torras is the only individual specifically named in the motion, but he is not a party to this lawsuit. Under *Zepeda*, the Court can "bind[] only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them'" and therefore lacks the personal jurisdiction necessary to issue an injunction in the first place. 753 F.2d at 727. Moreover, courts have found that "[g]eneralized injunctive relief against unnamed prison officials is not permissible under the PLRA because such relief is not 'narrowly drawn.' Similar requirements apply with respect to . . . preliminary injunctive relief." *Witkin v. Solis*, 2013 U.S. Dist. LEXIS 67070, at *4 (E.D. Cal. May 9, 2013) (citing 18 U.S.C. § 3626(a)); *see also Grande v. Future*, 2019 U.S. Dist. LEXIS 59361, at *6 (C.D. Cal. April 5, 2019).

Second, Plaintiff seemingly perceives a preliminary injunction as a vehicle for an immediate remedy. That is simply not prescribed by the law. Except in an extraordinary circumstance of irreparable harm, a plaintiff cannot use a preliminary injunction to accelerate desired relief from an underlying complaint. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *see also Winter*, 555 U.S. at 20; *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Nor can a plaintiff seek to circumvent the requirement of commencing an amended or additional civil complaint against the same or additional parties simply by asking for a preliminary injunction. *See Devose*, 42 F.3d at 471. Plaintiff is required to exhaust his administrative remedies before seeking relief from a federal court. 42 U.S.C. § 1997e(a). If Plaintiff amended his complaint to include the additional allegations in the motion, he

4

would have to first exhaust his administrative remedies as to those claims prior to filing suit. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Plaintiff simply cannot sidestep the prerequisites of the civil action process to seek immediate relief in the manner he appears to be proceeding here.

Furthermore, Plaintiff has requested declarative relief and compensatory and punitive damages in his complaint on incidents not associated with the allegations in the motion. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Davis v. Schneider*, 2019 U.S. Dist. LEXIS 107196, at *6 (C.D. Cal. June 25, 2019) (citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997)) (holding that where damages were sought in the underlying § 1983 complaint, injunctive relief was improper).

### B.     Denial on the Merits

For the following reasons, the Court also finds that the motion is deficient on the merits.

#### 1.     Plaintiff's First and Second Claims

The Court recognizes that "prisoners have a First Amendment right to file prison grievances and that "[r]etaliation against prisoners for their exercise of this right is itself a constitutional violation, and [is] prohibited as a matter of 'clearly established law.'" *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *see also Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (recognizing that "a corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct").

"It is also clearly established under the First Amendment that inmates have the right to access to courts, including the right to file grievances, and that prison officials cannot

5

18-CV-2039-LAB(WVG)

retaliate against an inmate because of the inmate's exercise of those rights." *See Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992); *see also Bounds v. Smith*, 430 U.S. 817, 828 (1997) *overruled in part by Lewis v. Casey*, 518 U.S. 343 (1996) (holding "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law").

In order to show probable success on the First Amendment retaliation claim, Plaintiff must show: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Brodheim*, 584 F.3d at 1269 (quoting *Rhodes*, 408 F.3d at 567-68). Furthermore, in order to state a claim, Plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S at 351. In addition, "a prison regulation impinging on inmates' constitutional rights 'is valid if it is reasonably related to legitimate penological interests.'" *Id*. at 361 (endorsing deference to prison administrators where "prisoners routinely experience delays in receiving legal materials or legal assistance, some as long as 16 days, . . . but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury") (internal citations omitted).

Here, Plaintiff has failed to establish in his motion that any of the alleged adverse action was the product of retaliatory animus against him, that if that animus existed it was due to his civil rights complaint, and that no reasonable correctional goal was furthered by the actions taken against him. Nor does Plaintiff demonstrate that the alleged hinderances to his legal materials affected his "pursuit of a legal claim," beyond the penological interests of prison regulation. Therefore, Plaintiff's first and second claims as to his time

in ad-seg do not demonstrate likely success on the merits and do not warrant preliminary injunctive relief.

### 2. Plaintiff's Third, Fourth, Sixth, and Seventh Claims

Plaintiff alleges in his third, fourth, sixth, and seventh grounds for preliminary injunctive relief only bare conclusions that do not show a likelihood of success.

> [A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'... [T]he pleading standard ... does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. . . . Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (internal citations omitted). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

Here, the mere conclusory allegations[1] proffered are all naked accusations without supporting evidence or facts sufficient to warrant a preliminary injunction.

### 3. Plaintiff's Fifth Claim

Lastly, Plaintiff alleges that medical staff took his supplies and altered his treatment regimen, reducing his morphine and gabapentin doses among other accusations, in retaliation for his civil rights complaint.

In opposition, Defendant provided a sworn affidavit from Plaintiff's primary care provider, as well as Plaintiff's prison medical records supporting rebuttal of Plaintiff's medical retaliation claims. Those records and the affidavit show that, along with a history of noncompliance with medical staff, Plaintiff has been examined by a doctor at least once a month since May 2019. The evidence shows that the medical staff were concerned that Plaintiff was hording his gabapentin and began tapering him off the drug in August 2019. Also, despite his claims, nothing in the records suggest Plaintiff was ever medically prescribed morphine. As of October 21, 2019, Plaintiff has a cane, a compression sock, eye-glasses, special shoes, a wheelchair, and has been given the attention commensurate with timely and adequate medical care. Plaintiff has the resources available to improve his health. He has not shown a likelihood of success on the merits sufficient to warrant injunctive relief at this time.

## IV. CONCLUSION

For the foregoing reasons, this Court lacks the jurisdiction over the parties against whom relief is sought in Plaintiff's motion for a preliminary injunction. Even if the Court had the power to grant relief, Plaintiff's claims likely do not survive on the merits and

---

[1] That Officer Torras did not sign his property inventory list in accordance with prison procedure; that Officer Torras "stole" Plaintiff's personal property and has a "strong history of crimes against black inmates"; that a package has been waiting in a warehouse for six weeks and that the staff are delaying delivery "just to harass and retaliate" against him; and that "the next step" is for the staff to "send two to three inmate[s] [or] inmate police at [him] to harm or kill [him] or badly injur[e]" him.

therefore would not warrant the extraordinary remedy of an injunction. The Court therefore RECOMMENDS that Plaintiff's motion be DENIED.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that **no later than December 20, 2019**, any party to this action may file written objection with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties **no later than January 13, 2020**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on the appeal.

**IT IS SO ORDERED.**

DATED: November 6, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge