# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES, <br><br> Plaintiff, <br><br> v. <br><br> PARAMO *et al.*, <br><br> Defendants. | Case No.: 18-CV-2039-LAB(WVG) <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL** <br><br> **[Doc. No. 43]** |

Plaintiff seeks appointment of counsel to prosecute this civil rights case. However, the Court concludes appointment of counsel is not appropriate at this time. Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance

requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

Here, Plaintiff's reasons for requesting appointed counsel—lack of money to pay an attorney, his incarceration, and lack of legal knowledge—are not unique to him and are common traits of prisoner plaintiffs. Nor is this case complex. Moreover, upon reviewing the Complaint, the Court concludes Plaintiff has been able to cogently articulate his claims. Were the Court to appoint counsel in this case, the exception would swallow the rule and the Court would be compelled to appoint counsel in every case. Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: January 7, 2020

Hon. William V. Gallo
United States Magistrate Judge